### No. 412

STATE ex rel v. MUNIC. SAV. & L. CO. et al

Ohio Appeals, 8th Dist., Cuyahoga County
No. 5515. Decided April 24, 1924

887. PARTIES—Court has power to permit disinterested parties to withdraw at any time.

1102. RECEIVERS—Former trustees held not interested parties within meaning of 11895 GC. as to disqualify them to serve as receivers.

VICKERY, J.

Epitomized Opinion

Published Only in Ohio Law Abstract

This was an action by the Attorney General against the Municipal Savings & Loan Company in which the Attorney General claimed that the Company was insolvent, that the assets were likely to be dissipated and asked for the dissolution of the Company and the appointment of a receiver. Judge Ruhl of the Common Pleas found that the Company was insolvent and appointed one Wilberding, one Baehr and one Cross receivers. After they had qualified as such the Attorney General prosecuted error because of the appointment of these men. At the time the action was filed these three men were acting as trustees, but they were not made parties defendant. Laer, upon leave of court they filed a pleading setting up that they were trustees and resisted the appointment of a receiver. Later they asked leave to withdraw their pleading, which was granted.

The errors complained of are: (1) The court erred in granting the motion of the individuals who were appointed trustees to withdraw their pleading and to be dismissed from the action; (2) inasmuch as these men were parties by virtue of their having been appointed as trustees, they were no longer eligible as receivers. In affirming the judgment of the lower court, the Court of Appeals held:

1. As these men had no duties to perform, as they were trustees of nothing, and as no relief was sought as against them, the court had power to permit these parties to withdraw their pleading when it came to the court's

knowledge that they had no interest in the lawsuit.

2. The receivers appointed were not parties within the meaning of 11895 GC., and therefore were qualified to serve as receivers of the Loan Company.

Attorneys—David E. Green, for State; Reed, Meals, Orgill & Maschke, for Savings & Loan Co.; all of Cleveland.